UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0403(6) (PJS/FLN) |
| | Case No. 16-CV-2183 (PJS) |
| Plaintiff, | |
| v. | |
| | ORDER |
| DEJAUN PIERRE DARKYSE WASHINGTON, | |
| Defendant. | |

This matter is before the Court on defendant Dejaun Pierre Darkyse Washington's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* ECF Nos. 350, 362, 385.[1] Washington argues that his sentence should be corrected because (1) he was improperly classified as a career offender, and (2) he should have been granted a minor-role reduction under Amendment 794 to Section 3B1.2 of the United States Sentencing Guidelines. The Court disagrees on both counts and thus denies Washington's § 2255 motion.

I. BACKGROUND

Washington pleaded guilty to aiding and abetting the distribution of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* ECF

---

[1]Washington labeled the last two of his three filings as motions "to amend" his first filing. The Court will treat all three filings as a single § 2255 motion for the purposes of this order.

Nos. 109, 161-62. Washington had prior felony convictions for simple robbery (Minn. Stat. § 609.24) and first-degree assault (Minn. Stat. § 609.221, subd. 1). PSR ¶¶ 76-77. The parties agreed that both of these convictions were crimes of violence for purposes of § 4B1.2(a). Based on this conclusion, the parties further agreed that Washington qualified as a career offender under § 4B1.1. *See* Plea Agreement ¶ 7(a); PSR ¶ 9. The Court concluded that Washington's total offense level was 29 (after applying a three-level reduction for acceptance of responsibility); that his criminal history category was VI; and that his Guidelines range was 151 to 188 months. The Court then varied downward and sentenced Washington to 120 months in prison. ECF No. 319 at 2; ECF No. 320 at 1. Four months later, Washington brought this § 2255 motion.

## II. ANALYSIS

### *A. Career Offender*

Washington's first claim is that he was improperly classified as a career offender when he was sentenced. The Court rejects this claim for two reasons.

*First*, this claim is not cognizable under § 2255. Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Rather, its text allows federal prisoners to challenge a sentence that "was imposed in violation of the Constitution or laws of the United States, or that . . .

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This language "provides a remedy for jurisdictional and constitutional errors" that would "inherently result[] in a complete miscarriage of justice." *Sun Bear*, 644 F.3d at 704 (quoting *Addonizio*, 442 U.S. at 185). But "ordinary questions of guideline interpretation" generally "may not be re-litigated under § 2255," as long as the defendant's sentence does not "exceed[] the statutory maximum for the offense of conviction." *Id.* at 704-06 (citations omitted).

Washington's sentence of 120 months was well beneath the 20-year statutory maximum for his offense. Therefore, to the extent that his first claim alleges that the Court erred in calculating his Guidelines range, this claim is not cognizable under § 2255.

*Second*, even if this claim were cognizable under § 2255, it would fail on the merits. Washington argues that his simple robbery conviction does not qualify as a "crime of violence" under § 4B1.2's residual clause, *see* ECF No. 350 at 13-14 (citing *Johnson v. United States*, 135 S. Ct. 2551, 2556-63 (2015)), or as an enumerated offense under the commentary to the 2015 version of § 4B1.2, *see* ECF No. 385 at 1 (citing *United States v. Bell*, 840 F.3d 963, 967-69 (8th Cir. 2016)). Earlier this year, however, the Supreme Court held that the residual clause of § 4B1.2—unlike the residual clause of the Armed Career Criminal Act—was not subject to vagueness challenges under the Due

Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 892-95 (2017). In addition—and independent of the question of whether simple robbery under Minnesota law qualifies as a "crime of violence" under the residual clause or qualifies as an enumerated offense under the commentary to § 4B1.2—simple robbery under Minnesota law is a "crime of violence" under § 4B1.2's *force* clause. *See United States v. Jennings*, 860 F.3d 450, 452-57 (7th Cir. 2017); *United States v. Taylor*, No. 15-CR-0091(1) (JNE/LIB), 2017 WL 506253, at *3-7 (D. Minn. Feb. 7, 2017) (explaining why robbery under Minn. Stat. § 609.24 necessarily involves "violent" force). Therefore, the Court did not err when it treated Washington's simple robbery conviction as a "crime of violence" under the Guidelines for sentencing purposes.

### B. Amendment 794

Washington also argues that he should have been granted a minor-role reduction under Amendment 794 to § 3B1.2. The Court rejects this claim for two reasons.

*First*, a claim arguing for retroactive application of Amendment 794 must be brought as a § 3582 motion, not a § 2255 motion. *See United States v. Bazaldua*, No. 06-CR-0100 (JNE/JSM), 2016 WL 5858634, at *2 (D. Minn. Oct. 5, 2016). Such claims are not cognizable under § 2255. *Id.*

*Second*, even if the Court were to construe Washington's claim as a § 3582 motion, it would still fail. The Court can lower Washington's sentence under § 3582(c)(2) only if

Washington was "sentenced to a term of imprisonment based on a sentencing range *that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Washington was sentenced on February 24, 2016, several months *after* Amendment 794 took effect on November 1, 2015. *See* ECF No. 319; *cf.* ECF No. 243 ¶ 52 (noting that "[t]he 2015 Guidelines Manual, *incorporating all guideline amendments*, was used to determine the defendant's offense level" (emphasis added)); 18 U.S.C. § 3553(a)(4)(A)(ii) (requiring courts to use the Guidelines that "are in effect on the date the defendant is sentenced"). In other words, when the Court sentenced Washington, it *applied* the Guidelines as amended by Amendment 794.[2] Therefore, even if Washington had brought this claim under § 3582, it would fail on the merits.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[2] Although the Court chose not to depart downward under § 3B1.2, the Court explicitly acknowledged that Washington was among the least culpable—if not the least culpable—of the defendants in the case, and gave Washington a substantial downward variance as a result. The Court would not have both departed *and* varied based on Washington's limited role in the offense; thus, if Washington had received a departure under § 3B1.2, that departure would have been offset—month-for-month—by a reduction in the amount of the downward variance under 18 U.S.C. § 3553(a).

1. Defendant Dejaun Pierre Darkyse Washington's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF Nos. 350, 362, 385] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 3, 2017             s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge