UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0403(6) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| DEJAUN PIERRE DARKYSE WASHINGTON, | |
| Defendant. | |

Defendant Dejaun Pierre Darkyse Washington is serving a 120-month sentence after pleading guilty to aiding and abetting distribution of cocaine base. This matter is before the Court on Washington's motion for release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 555.

In an order dated September 29, 2020, the Court stayed Washington's motion because Washington's filing did not indicate that he had exhausted his administrative remedies prior to bringing the motion. ECF No. 559. Under § 3582(c)(1)(A), a defendant may move for a sentence reduction only "after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Washington has since submitted evidence that the warden of his facility denied his request for compassionate release on September 15, 2020. ECF No. 565. As more

than 30 days have passed since the warden received Washington's request, the Court finds that Washington has satisfied the exhaustion requirement of § 3582(c)(1)(A), and the Court now lifts its stay of Washington's motion for release.

However, Washington's motion does not describe the reasons why he believes that he is entitled to compassionate release. Washington's motion states only that "[t]his motion is made pursuant to [18 U.S.C. § 3582(c)(1)(A)(i)] and is based upon the attached memorandum of points and authorities, all files and records in this case, and such further arguments and supplemental supporting documents as may be presented in the pleading of this motion." ECF No. 555 at 1. But no "memorandum of points and authorities" was "attached" to Washington's motion, and no "supplemental supporting documents" addressing the merits of Washington's claim have been filed. The Court has no idea why Washington believes that he is entitled to compassionate release.

Washington is directed to file a copy of the memorandum referred to in his motion or another memorandum describing the reasons why he should receive a sentence reduction no later than Monday, January 4, 2021. If Washington fails to file a memorandum addressing the merits of his motion by January 4, 2021, the Court will deny his motion for compassionate release without prejudice.

Washington has also filed a motion seeking the appointment of counsel. ECF No. 556. The Federal Defender has notified the Court that it does not seek to represent

Washington in this matter. Moreover, the Court is aware from its own interactions with Washington that he is eminently capable of describing the health concerns or other reasons why he believes that he should be released from prison. *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) ("The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts . . . [and] present the claims, and the complexity of the legal arguments."). Washington's motion for the appointment of counsel is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court's September 29, 2020 stay of Washington's motion for release [ECF No. 559] is LIFTED.

2. Washington must file a memorandum on or before January 4, 2021, describing the reasons why he believes that he is entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

3. If Washington fails to file a memorandum as described in ¶ 2 of this order, the Court will deny Washington's motion without prejudice.

4. Washington's motion to appoint counsel [ECF No. 556] is DENIED.

Dated:  December 1, 2020      s/Patrick J. Schiltz
                                                        Patrick J. Schiltz
                                                        United States District Judge