UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0403(6) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| DEJAUN PIERRE DARKYSE WASHINGTON, | |
| Defendant. | |

Defendant Dejaun Pierre Darkyse Washington is serving a 120-month sentence after pleading guilty to aiding and abetting distribution of cocaine base. This matter is before the Court on Washington's motion for release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 555, 571. For the reasons that follow, the motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Unfortunately, however, § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A). Section 1B1.13 has

not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the BOP, and not to motions filed by defendants on their own behalf.  *See United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  The Eighth Circuit has not yet addressed this issue.  In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.

Washington argues that his chronic asthma, in combination with the COVID-19 pandemic, constitutes an extraordinary and compelling reason justifying release.  ECF No. 571 at 5–6.  The Centers for Disease Control and Prevention have identified moderate-to-severe asthma as a condition that might place a person at increased risk for severe illness from the virus that causes COVID-19.[1]  According to Washington's

---

[1] Ctrs. for Disease Control and Prevention, *People with Certain Medical Conditions* (Mar. 29, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

medical records, however, his asthma is "mild."  Washington was diagnosed with asthma as a child, was last hospitalized for asthma-related reasons when he was in the fifth grade, and has not had an asthma attack since 2011.[2]  Washington now experiences exercise-induced symptoms and uses an albuterol inhaler to manage his condition.

    Washington also argues that USP Leavenworth, where he is currently incarcerated, is experiencing "a highly contagious outbreak of COVID 19."  ECF No. 571 at 2.  According to Washington, the majority of the 80 inmates in the unit where he is housed tested positive for COVID-19 last month.  ECF No. 571 at 4–7.  As of the date of this order, however, only 3 inmates and 5 staff members at USP Leavenworth are positive for COVID-19, and vaccination efforts appear to be well underway with 116 inmates and 132 staff members now fully vaccinated.[3]  Washington correctly points out that a significant percentage of the prison population at USP Leavenworth previously tested positive for COVID-19.  To date, 876 inmates have recovered from the virus, and 2 inmates have died.[4]  But given that the outbreak at USP Leavenworth now appears to

---

[2] The revised presentence investigation report states that Washington reported that "his last asthma attack occurred in or about 2014."  ECF No. 324 at 31.  Whether Washington's last asthma attack occurred in 2011 or 2014 is immaterial to the Court's conclusion that, at present, Washington does not suffer from moderate-to-severe asthma and his asthma is well controlled.

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Mar. 30, 2021).

[4] *Id.*

be well under control, and given that there is no evidence that Washington currently suffers from moderate-to-severe asthma or any other condition that might place him at an increased risk of severe complications from COVID-19, the Court finds that Washington has failed to establish an extraordinary and compelling reason justifying release.[5]  *See United States v. Dunn*, No. 17-CR-0168 (SRN/KMM), 2020 WL 4697113, at *4–5 (D. Minn. Aug. 13, 2020) (finding that defendant's asthma, characterized as "mild" and "intermittent" with exercise-induced symptoms, did not meet the "extraordinary and compelling" standard); *United States v. Wright*, No. 17-CR-0301 (WMW/DTS), 2020 WL 7334412, at *5 (D. Minn. Dec. 14, 2020) ("The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." (citation and quotation marks omitted)).

Further, the § 3553(a) factors counsel against granting Washington's motion for compassionate release.  Washington points out that he has served the majority of his 120-month sentence, that he was convicted of a non-violent drug crime, and that he is participating in the Residential Drug Abuse Program.  ECF No. 571 at 6–9.  But

---

[5]Washington notes that the "primary care giver for his daughter suffers from epilepsy" and faces "elevated risks associated with covid."  ECF No. 571 at 6.  *See also* ECF No. 568 at 3 (noting that Washington's daughter's mother "suffers epileptic seizures" and arguing that "[t]his qualifies as a reason for [Washington's] early release").  While the Court is sympathetic to Washington's desire to care for his daughter and her mother, this does not constitute an extraordinary and compelling reason justifying release.  *Cf.* U.S.S.G. § 1B1.13, cmt. n.1(C) (setting forth family circumstances that meet the "extraordinary and compelling" standard).

Washington was convicted of a serious crime.  He was one of seven defendants named in a 31-count superseding indictment that arose out of an extensive investigation into violence and drug trafficking associated with street gangs in Minneapolis.  *See* ECF No. 109; ECF No. 324 at 10–15.  Washington also has a violent criminal history, including multiple convictions for firearms-related offenses.  ECF No. 324 at 25–26.  In imposing a 120-month sentence, the Court varied downward from Washington's Guidelines' range of 151–188 months in light of Washington's difficult upbringing and in light of the fact that Washington was a very young man when he committed the offenses that led to his designation as a career offender.  *See* ECF No. 320.  The Court finds that a further reduction in Washington's sentence would not provide adequate protection to the public nor accomplish the other goals of § 3553(a).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Dejaun Pierre Darkyse Washington's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [ECF Nos. 555, 571] is DENIED.

Dated:  March 30, 2021                           s/Patrick J. Schiltz
                                                                              Patrick J. Schiltz
                                                                              United States District Judge